685 So.2d 661 (1996)
WACKENHUT CORRECTIONS CORPORATION, PlaintiffAppellant,
v.
Peggy BRADLEY, DefendantAppellee.
No. 96-796.
Court of Appeal of Louisiana, Third Circuit.
December 26, 1996.
*662 Craig Marks, Lafayette, for Wackenhut Corrections Corp.
Joseph Texada Dalrymple, Alexandria, for Peggy Bradley.
Before THIBODEAUX, SAUNDERS and DECUIR, JJ.
THIBODEAUX, Judge.
Wackenhut Corrections Corporation, the employer of plaintiff, Peggy Bradley, appeals a judgment of the Office of Workers' Compensation, which awarded Ms. Bradley temporary, total disability benefits. The thrust of Wackenhut's appeal is twofold: that Ms. Bradley did not prove the occurrence of an accident and a causal relationship is lacking between her alleged injury and her employment.
We affirm for the following reasons.

I.

ISSUE
The issue in this appeal is whether the hearing officer erred in finding that plaintiff sustained her burden of proving she suffered an employment-related accident and injury in the course and scope of her employment.

II.

FACTS
Wackenhut Corrections Corporation hired Ms. Peggy Bradley on November 5, 1990. In 1994, Ms. Bradley was assigned to the mail room at Allen Correctional Facility (Allen) where she remained until February, 1995. *663 At some point in late September or early October, she injured her neck while lifting a mail basket from a van. Ms. Bradley testified that she related the incident to her coworker, Yolanda LeGros.
In spite of her neck complaints, Ms. Bradley did not consult a physician until December 2, 1994, on which date she saw Dr. Alexandre Slatkin, her family physician. She reported pain in her left shoulder and arm, but did not indicate any causal or exacerbating incidents. On January 11, 1995, Ms. Bradley complained to Dr. Slatkin of the pain in her left shoulder and arm and additionally complained of a tingling sensation in her left hand. Again, Ms. Bradley made no mention of a work-related incident as the source of pain. Dr. Slatkin referred her to Dr. Arsham Naalbandian, a neurologist.
Dr. Naalbandian first saw Ms. Bradley on January 26, 1995. At that appointment, he ordered an MRI for Ms. Bradley. After undergoing the MRI, Ms. Bradley returned to Dr. Naalbandian on February 14, 1995, at which time he diagnosed a herniated disc and indicated that surgery was a possible necessity. Although Ms. Bradley indicates she made reference to a work-related incident as a cause of her medical problems, Dr. Naalbandian's notes do not reflect such an incident. His records do reflect, however, that Ms. Bradley reported the claim to her medical insurer, not to Wackenhut's workers' compensation insurer. Dr. Naalbandian referred her to Dr. John M. Patton, a neurosurgeon.
On February 17, 1995, Ms. Bradley saw Dr. Patton. At this appointment she specifically indicated that after lifting a thirty-five pound mail sack at some time in September or October, she experienced a burning sensation in her neck. Dr. Patton performed surgery on March 9, 1995. On August 7, 1995, Ms. Bradley returned to work with specific orders not to lift over twenty-five or thirty pounds.
Asserting lack of evidence of a work-related injury, Wackenhut did not pay indemnity benefits. It filed a claim denying Ms. Bradley's claim for benefits on March 2, 1995. Both Ms. Bradley and Wackenhut appeared for a hearing on the matter on February 8, 1996. On March 17, 1996, hearing officer Sharon B. McCauley issued reasons for ruling and judgment in favor of Ms. Bradley, finding her to have credibly met her burden of proving that a work-related accident was the cause of her cervical problem.

III.

LAW AND ARGUMENT
Wackenhut asserts that the hearing officer erred in finding that Ms. Bradley sustained an injury while in the course and scope of her employment and asks this court to accordingly reverse the judgment. It is well established in Louisiana jurisprudence that an appellate court's discretion to reverse a lower court's ruling is governed by the manifest error standard of review. Freeman v. Poulan/Weed Eater, 93-1530 (La. 1/14/94); 630 So.2d 733. Our supreme court expanded on the application of the manifest or clearly wrong standard in Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) in stating,
When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. (citations omitted).
Applying this standard of review, it is incumbent on this court to determine whether the hearing officer appropriately ruled in claimant's favor.
In a workers' compensation action, the claimant must meet the primary requirement of establishing an injury sustained as a result of an accident occurring in the course and scope of employment. La.R.S. 23:1031. The statutory definition provided in La.R.S. 23:1021(1) states that an accident is "an unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury."
Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992) concluded that the determination of whether an accident occurred is *664 to be construed in favor of the injured employee. Notably, however, the claimant's burden of proof is not relaxed for he or she must still establish a work-related accident by a preponderance of the evidence. Regarding the claimant's burden of proof, the Louisiana Supreme Court went on to state:
A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident.
Bruno, 593 So.2d 357, 361.
Thus, in determining whether or not a worker has shown by a preponderance of evidence that an injury-causing accident occurred in the scope and course of employment, the trial court is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a claimant's testimony is accorded great weight.
The hearing officer in this case found Ms. Bradley's testimony to be compelling and sincere stating that "she was careful to respond to all questions in a direct and forthcoming manner, and was consistent throughout her testimony." Wackenhut submits to this court that Ms. Bradley is in fact a calculating malingerer and cites examples of her lack of credibility. Our review of the record, however, supports the conclusion that the hearing officer was correct and reasonable in finding Ms. Bradley to have credibly met her burden of proof.
Wackenhut underscores Ms. Bradley's failure to report the work-related accident immediately or promptly as a fundamentally weak part of her claim. When asked the reason she did not immediately report the incident in late September or early October, Ms. Bradley responded "I simply popped my neck and felt some pain and burning. I didn't break my leg. I didn't know I had hurt myself." Drs. Naalbandian and Patton agreed that the lifting incident in late September or early October was the cause of her injury. Ms. Bradley did not report the accident until receiving professional notice that it was the cause of her injury. Furthermore, she continued to work until just prior to her surgery. The hearing officer found Ms. Bradley's explanation for the lapse of time between the accident and her report of it to be plausible. We agree.
Recently the third circuit was faced with a similar fact situation in Guilbeaux v. Martin Mills, Inc., 93-1359 (La.App. 3 Cir. 5/4/94); 640 So.2d 472 where the claimant did not inform her employer that she suffered a work-related accident until approximately three months after the alleged injury-causing incident. Like Ms. Bradley, the claimant in that case continued to work until her doctor indicated that the work-related incident was the source of her injury. This court reasoned that the claimant "should not be barred from recovery because she did not realize or diagnose the full extent of her injury immediately after it happened. Nor should she or any other worker be penalized for trying to work as much as he or she can despite the pain." Guilbeaux, 640 So.2d at 476. We find Guilbeaux to be persuasive.
In an attempt to bolster its argument that Ms. Bradley has a penchant for prevarications, Wackenhut refers to Yolanda LeGros' deposition where she states that she did not recall her co-worker mentioning an accident. Ms. Bradley explained at trial that in light of the fact that she only casually mentioned the incident and that people are always complaining in the mail room of aches and pains, it is not surprising that Ms. LeGros did not have a specific recollection of her reporting the incident to her. The hearing officer accepted this explanation as sound and reasonable, and therefore did not find that Ms. LeGros' statement qualified as discrediting evidence on Ms. Bradley's version of the incident. Again, we agree.
Wackenhut additionally contends that Ms. Bradley's initial filing of her medical bills with her medical insurer is illustrative of her dishonest intentions regarding her claim for workers' compensation benefits. Ms. Bradley explained that before Drs. Naalbandian and Patton indicated to her that the late September or early October incident was the source of her injury, she was unaware of the *665 causal link. Accordingly, she did not seek workers' compensation benefits. Wackenhut asserts in its brief that Ms. Bradley's behavior on this matter casts doubt as to her version of the story and her credibility. Contrarily, this behavior demonstrates Ms. Bradley's desire to act with fairness and dignity.
Our review of the record suggests that Ms. Bradley credibly presented her claim before the Office of Workers' Compensation. Wackenhut's attempts to discredit her as a claimant are unfounded. In adherence to the manifest error-clearly wrong standard of review, we find that the hearing officer in this case was correct. Consequently, we affirm her judgment that Peggy Bradley met her burden of proving that she sustained an accident in the course and scope of her employment that resulted in an injury to her neck.

IV.

CONCLUSION
For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed. All costs shall be paid by Wackenhut Corrections Corporation.
AFFIRMED.