| THIBODEAUX, Judge.
Dennis MeNeal, a welder for Massman Construction Company (hereinafter “Mass-man”), was involved in a work-related accident on October 30, 1997. Subsequently, MeNeal brought suit to recover temporary total disability benefits or supplemental earnings benefits. He also sought an award of penalties and attorney fees for Massman’s failure to provide reimbursement for travel expenses. J^The workers’ compensation judge denied McNeal’s claim for benefits and refused to award penalties and attorney fees. For the reasons which follow, we affirm.
I.

ISSUES

We shall consider:
1. whether MeNeal is entitled to recover temporary total disability benefits or supplemental earnings benefits, and
2. whether penalties and attorney fees should be assessed against Massman *604 for its failure to provide reimbursement for travel expenses.
II.

FACTS

On October 30,1997, McNeal injured his right foot while working as a welder on a construction project for Massman. Mass-man referred McNeal to Dr. Warren Plauche, who found that McNeal had a bruise or contusion on his right foot. Dr. Plauche placed McNeal on light duty for three days and advised McNeal that he could return to full duty on November 3, 1997.
McNeal returned to Dr. Plauche on November 17,. 1997, complaining of continuing discomfort in his right foot. On November 24, 1997, Dr. Plauche referred McNeal to an orthopedist, Dr. Darien Slaughter. Dr. Slaughter found that McNeal had a non-displaced fracture of the toe with a sprain. He placed McNeal on light duty work.
Pursuant to Dr. Slaughter’s recommendation, Massman offered McNeal light duty work in a trailer that was located on the project site. McNeal was assigned to an eight hour shift which began at 7:00 a.m. Massman’s payroll records indicate that McNeal did not come to work on December 24, 1997. On January 15, 1998, |safter being absent from work without explanation for approximately two weeks, McNeal’s counsel advised Massman that McNeal was willing to return to light duty work. Massman replied that McNeal could return to work. However, Massman gave McNeal a disciplinary letter that emphasized he was to work an eight hour shift and receive approval of planned absences.
On January 30, 1998, Massman formally reprimanded McNeal for failing to report to work on time and remain on the job site for eight hours. Subsequently, on February 27, 1998, Massman terminated McNeal, alleging that he had reported to work several hours late four days in a row without an excuse.
III.

LAW AND DISCUSSION

Standard of Review
An appellate court may not set aside the factual findings of a workers’ compensation judge in the absence of manifest error or unless it is clearly wrong. Wackenhut Corrections Corp. v. Bradley, 96-796 (La.App. 3 Cir. 12/26/96); 685 So.2d 661. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Where there is a conflict in the testimony, “reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review” even though the appellate court may feel that its own evaluations and inferences are reasonable. Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993). Deference is due to the factfinder’s determinations regarding the credibility of witnesses “for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.” Wackenhut Corrections Corp., 685 So.2d at 663 (quoting Rosell v. ESCO, 549 So.2d 840, 844 (La.1989)).
Temporary Total Disability Benefits
McNeal contends that the workers’ compensation judge erred in failing to award him temporary total disability benefits. An employee may seek such benefits where he incurs:
any injury producing temporary total disability ... to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience....
*605 La.R.S. 23:1221(l)(a). An employee’s entitlement to temporary total disability benefits is set forth in La.R.S. 23:1221(l)(c):
For purposes of Subparagraph (l)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subpar-agraph (l)(b) of this Paragraph, compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain....
In this case, Massman contends that McNeal is not entitled to temporary total disability because he was capable of performing the light duty position Mass-man offered to him. We agree with Mass-man. A claimant is not entitled to temporary total disability if he can perform light duty work. Lewis v. Malone & Hyde, Inc., 626 So.2d 531 (La.App. 3 Cir.1993); Cleveland v. Delhi Guest Home, 29,506 (La.App. 2 Cir. 5/7/97); 694 So.2d 607. McNeal failed to satisfy his burden of proving by clear | Band convincing evidence that he was physically unable to perform the light duty work offered to him by Massman.
The record supports Massman’s contentions that it offered McNeal light duty work within his physical limitations. In describing the type of work McNeal was capable of performing, Dr. Lea, McNeal’s orthopedist, stated: “I believe he is capable of sitting in an office and answering the phone. He should not have any other duties as I do not want him weight bearing.” Steven Helmig, Massman’s project manager, testified that when McNeal was advised to restrict his employment to light duty work, he was assigned to work inside a trailer on the project site. When questioned as to McNeal’s job responsibilities, Helmig explained that he requested that McNeal make a sounding line while sitting at his desk. Helmig testified:
Q. Okay. Did you ever have him do any little odd jobs or anything like that?
A. [W]e asked him to make up what we call a sounding line, which is nothing but a two hundred foot plastic tape measure that we put colored tape on at different locations, and we use it for sounding the river. It’s — it just takes quite a while to put the tape on....
Q. Did Dennis do that?
A. Not to my knowledge, no.
Helmig’s description of the light duty work was corroborated by Darlene Bonnette, Massman’s office manager. Bonnette testified that she asked McNeal to make a sounding fine while he was sitting in the office, but he refused. Bonnette testified:
Q. Did the time come where you just quit asking him to do anything?
A. Oh, yeah, because-
Q. Why?
A. Because I felt like the guy didn’t want to do anything. He just-he didn’t want to do it, so I’m not going to say no more, 11 fimean, I live in the same place as him and I didn’t really care to say anymore to him.
Q. Okay. Did he bring anything from home that-entertaining while he was there?
A. Yeah, he brought his dogs, and he brought a VCR tape....
Bonnette also testified that she was responsible for maintaining McNeal’s time-card and that McNeal was late for work and left work early on numerous occasions.
McNeal contends that the position offered by Massman does not constitute light duty work because “[bjeing secluded in a trailer with nothing to do is not work.” We reject McNeal’s argument as we find that the workers’ compensation judge was not clearly wrong in placing greater weight on the testimony of Helmig and *606 Bonnette that McNeal was instructed to perform sedentary tasks which he refused to do. Because McNeal failed to establish that he was physically incapable of performing any employment, we conclude that the workers’ compensation judge did not err in denying McNeal’s claim for disability benefits.
Supplemental Earnings Benefits
McNeal contends that the workers’ compensation judge erred in failing to award supplemental earnings benefits. La.R.S. 23:1221(3)(a) provides that in order to qualify for supplemental earnings benefits, a claimant must prove that a work-related injury resulted in his inability to earn wages equal to 90% or more of his wages at the time of the injury.
In this case, the record reflects that after his injury, McNeal was offered light duty work without a reduction in his salary. McNeal testified:
Q. Okay. So then what we’re talking about now is after [the injury] ..., Massman gave you a forty hour work week, did they not?
A. Yes, they did.
|7Q. And if you had indeed worked those forty hours, they didn’t cut your pay, did they, they kept you at eleven dollars an hour, didn’t they?
A. Yes, sir.
[[Image here]]
Q. Okay. You did not show up regularly, did you?
A. No.
Pursuant to La.R.S. 23:1221(3)(c)(ii), if the employer proves that the employee was offered and declined a job that he was physically able to perform, the employee may still recover supplemental earnings benefits if he can prove by clear and convincing evidence that he was unable to perform solely as a result of substantial pain. In this case, we find that McNeal failed to prove by clear and convincing evidence that he was unable to perform the light duty work solely as a consequence of substantial pain.
In brief to this court, McNeal alleges that he failed to perform the light duty work due to intense pain and because he often overslept as he could not rest at night due to his pain. However, the medical evidence does not corroborate McNeal’s allegation. In a progress report dated January 14, 1998, McNeal’s orthopedist, Dr. Lea, agreed that McNeal was capable of performing light duty work as prescribed by Dr. Slaughter. Specifically, Dr. Lea stated that McNeal was capable of sitting in an office and answering the phone. As stated previously, the position that was offered by Massman complied with the restrictions placed upon McNeal by his physicians. We find that McNeal failed to satisfy his burden of proving by clear and convincing evidence that he was unable to perform the light duty work solely as a consequence of substantial pain.
[ ^Penalties and Attorney Fees
McNeal contends that the trial court erred in refusing to award penalties and attorney fees for Massman’s failure to provide reimbursement for his expenses in traveling to his physicians. A claimant’s travel expenses in seeking medical care constitute a part of the medical expenses claim and are subject to the penalty provisions set forth in La.R.S. 23:1201(F). La. R.S. 23:1203(D); Milligan v. Bayou Vista Manor, Inc., 355 So.2d 569 (La.App. 3 Cir.1978). However, La.R.S. 23:1201(E) provides: “Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.” (emphasis added).
Massman argues that it did not reimburse McNeal’s travel expenses because McNeal failed to submit written notice of the expenses he incurred in traveling to his physicians. McNeal contends that Massman’s duty to provide reimbursement was triggered because it “knew that Dennis McNeal would leave the job site or from his home in his truck to travel to the doctor’s office.” Moreover, McNeal ar *607 gues that an employee is not required to submit a formal written demand in order to comply with La.R.S. 23:1201(E).
We agree with McNeal that the written notice requirement set forth in La.R.S. 23:1201(E) does not obligate an employee to submit a formal written demand. Black’s Law Dictionary (6th ed.1990) provides that “[n]otiee in its legal sense is information concerning a fact, actually communicated to a person by an authorized person, or actually derived by him from a proper source.... ” Thus, an employee is not required to submit a formal written demand in order to satisfy La.R.S. 23:1201(E). The written notice requirement could be satisfied where an employee submits medical reports, receipts, or other written evidence indicating that |9he went to the doctor, along with receipts documenting his travel expenses, or some evidence showing the distance traveled to the physician’s office. However, in this case, we agree with, the workers’ compensation judge that the notice provided by McNeal was insufficient. Although Mass-man may have had knowledge that McNeal was attending appointments with his physicians, it did not know the distance McNeal traveled or the cost incurred by McNeal in reaching his physicians’ offices. Accordingly, we find that penalties and attorney fees were properly denied to McNeal.
IV.

CONCLUSION

Based on the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. McNeal is cast for all costs of this appeal.
AFFIRMED.