STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-493

LINDA LOUVIER

VERSUS

U-HAUL COMPANY OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
DISTRICT 4, NO. 03-9140
HONORABLE ANTHONY PALERMO, PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Jonathan W. Perry, Judges.

**AFFIRMED, AS AMENDED.**

Michael B. Miller
P.O. Drawer 1630
Crowley, LA 70527-1630
(337) 785-9500
COUNSEL FOR CLAIMANT/APPELLANT:
        Linda Louvier

Kathleen W. Will
Juge Napolitano Guilbeau Ruli & Frieman, APLC
3320 W. Esplanade Ave. N.
Metairie, LA 70002
(504) 831-7270
COUNSEL FOR DEFENDANT/APPELLEE:
        U-Haul Company of Louisiana

**COOKS, Judge.**

The sole issue in this appeal is whether the workers' compensation judge erred in awarding a penalty in the amount of $3,000.00 to the claimant for the failure to pay weekly benefits timely.

## FACTS AND PROCEDURAL HISTORY

A consent judgment of January 10, 2006 ordered defendant, U-Haul Company of Louisiana (hereafter U-Haul), to pay temporary total disability benefits to claimant, Linda Louvier, in the amount of $416.00 per week. Louvier filed a motion for penalties and attorney fees on April 13, 2018 based on U-Haul's failure to correctly pay mileage and for late payment of weekly benefits.

On March 9, 2019, the Office of Workers' Compensation (OWC) rendered a judgment on penalties and attorney fees, awarding a $2,000.00 penalty for the underpayment of mileage expenses, a $3,000.00 penalty for the failure to pay indemnity benefits timely, and attorney fees in the amount of $5,000.00. Louvier timely appealed, contending the $3,000.00 penalty for the failure to pay indemnity benefits timely is inadequate.

The record established U-Haul discontinued Louvier's benefits the first time from May 15, 2017 until June 27, 2017. Benefits were again discontinued from August 22, 2017 until being reinstated on September 18, 2017. Louvier requested penalties under either La.R.S. 23:1201(G) or La.R.S. 23:1201(I). The difference in the two provisions is that La.R.S. 23:1201(I) requires the discontinuance of benefits "to be arbitrary, capricious or without probable cause." To the contrary, La.R.S. 23:1201(G) does not require the discontinuance of benefits to be "arbitrary, capricious or without probable cause." The amount of penalties under the statute differ. La.R.S. 23:1201(G) caps the maximum penalty allowable at $3,000.00, whereas the maximum amount allowable under La.R.S. 23:1201(I) is $8,000.00. Louvier requested an $8,000.00 penalty award in its argument before the OWC.

In its oral reasons for judgment, in rendering the penalty award of $3,000.00 for the discontinuation of benefits, the OWC did not reference what statute it was awarding the penalty under. A review of the reasons also does not include any reference to whether there was an intent on U-Haul's part to discontinue benefits.

In reviewing the record, we find even if the OWC's penalty award was made under La.R.S. 23:1201(I), the amount of the penalty was not abusively low. U-Haul reinstated Louvier's benefits within forty-two days (from May 15, 2017 to June 27, 2017) and twenty-eight days (From August 22, 2017 to September, 18, 2017). No litigation was required to have the benefits reinstated and the reinstatement occurred prior to the filing of the motion by Louvier. The law is clear the OWC "has great discretion in the award of penalties and attorney fees, and [its'] decision will not be disturbed unless it is clearly wrong." *Gray v. Premier Staffing*, 99-197, p. 7 (La.App. 3 Cir. 6/2/99), 736 So.2d 340, 344. We find no abuse of the discretion afforded the OWC in such matters and hereby affirm the $3,000.00 award of penalties for the discontinuation of benefits.

In the motion for penalties and attorney fees, Louvier requested legal interest on the judgment. The judgment failed to specifically provide for legal interest. Louvier requests this court amend the judgment to award legal interest for the amounts due. We agree. This court in *George v. Guillory*, 00-591, pp. 16-17 (La.App. 3 Cir. 11/2/00), 776 So.2d 1200, 1211, noted that legal interest attaches automatically by operation of law. We stated:

> The fact that a workers' compensation judge is silent as to legal interest in his judgment does not constitute denial of such interest; legal interest is mandatory under the workers' compensation statute. *Kortz v. Colt Energy Servs., Inc.*, 97-159 (La.App. 5 Cir.7/29/97), 698 So.2d 460. Legal interest is due on penalties and attorneys fees from the date of judgment in workers' compensation cases. See *McLaughlin v. Hill City Oil Co./Jubilee Exxon*, 97-577 (La.App. 3 Cir. 10/8/97); 702 So.2d 786, *writ denied*, 97-2797 (La.2/13/98); 706 So.2d 994; *Sharbono v. Steve Lang & Son Loggers*, 97-0110 (La.7/1/97); 696 So.2d 1382. This interest automatically attaches until judgment is satisfied, whether

prayed for in petition or mentioned in judgment. See *Crooks v. Town of Ball*, 94-466 (La.App. 3 Cir. 11/2/94); 649 So.2d 597.

Therefore, we amend the judgment to award legal interest to Louvier for all sums due.

**DECREE**

For the foregoing reasons, we affirm the decision of the Office of Workers' Compensation. The judgment is amended to provide legal interest on all sums due. All costs of this appeal are assessed to the appellant, Linda Louvier.

**AFFIRMED, AS AMENDED.**