STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 21-777


MICHELLE GUIDROZ

VERSUS

WALMART STORES, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NUMBER 20-01495
MELISSA ST. MARY, WORKERS' COMPENSATION JUDGE

**********

SHARON DARVILLE WILSON

JUDGE

**********

Court composed of John E. Conery, Van H. Kyzar, and Sharon Darville Wilson, Judges.



AFFIRMED.

**Robert L. Beck III**
**W. Jay Luneau**
**Sara B. Dantzler**
**LUNEAU & BECK, LLC**
**5208 Jackson Street Extension, Suite A**
**Alexandria, Louisiana  71303**
**(318) 445-6581**
**COUNSEL FOR CLAIMANT/APPELLEE:**
      **Michelle Guidroz**

**Corey M. Meaux**
**PARKER & LANDRY, LLC**
**4023 Ambassador Caffery Parkway, Suite 320**
**Lafayette, Louisiana  70503**
**(337) 362-1603**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Walmart Inc.**

**WILSON, Judge.**

The employer, Walmart, Inc.[1] (Walmart), appeals the ruling of the Workers' Compensation Judge (WCJ) in favor of the injured employee, Michelle Guidroz (Guidroz). The ruling reinstated Guidroz's benefits and awarded penalties and attorneys' fees to her. Guidroz filed an answer to the appeal, seeking an additional penalty of $8,000.00 under La.R.S. 23:1201(I), based upon her allegation that Walmart's actions went beyond unreasonable and rose to the level of arbitrary and capricious. Guidroz also requests an increase in attorneys' fees for work done on appeal. For the following reasons, we affirm the judgment in its entirety and award an additional $2,500.00 in attorneys' fees for work done appeal.

I.

**ISSUES**

We must decide:

1. Whether the trial court committed legal error by allegedly improperly interpreting and/or applying *Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840 (La. 7/1/97), 696 So.2d 551.

2. Whether the trial court committed legal and/or manifest error when it allegedly failed to accept uncontradicted, expert, medical evidence.

3. Whether the trial court erred by concluding that Walmart failed to establish a work capacity for Guidroz.

4. Whether the trial court erred by awarding penalties and attorneys' fees to Guidroz.

---

[1] Walmart was also referred as "Wal-Mart Associates, Inc. and/or Walmart, Inc. and/or Wal-Mart Stores, Inc. d/b/a Wal-Mart Stores and/or all its subsidiaries and affiliates[.]"

## II.

## FACTS AND PROCEDURAL HISTORY

Guidroz was employed by Walmart in its Oakdale, Louisiana store as a bakery manager.[2] On June 13, 2016, Guidroz injured her right knee when she fell from a ladder. The parties stipulated that Guidroz was in the course and scope of her employment at the time of the accident. Guidroz was unable to return to work in her previous capacity at Walmart following knee surgery performed by Dr. Michael Leddy on December 1, 2016. The parties also stipulated that the amount of Guidroz's average weekly wage was $652.73, making her corresponding workers' compensation rate $435.15 per week.

On January 21, 2018, Guidroz underwent an IME performed by Dr. Thomas Butand, who concluded that Guidroz "is capable of performing work with her right knee." Dr. Butand stated that he thought "that she is probably at a light to moderate duty status" and recommended "that an FCE be obtained prior to making a final disposition on the type of work she can do." On April 9, 2019, an FCE was performed at Rosewood Rehabilitation, LLC, with the conclusion that Guidroz could perform within the light duty physical demand category. Guidroz's treating physician, Dr. Leddy, agreed.

On July 31, 2019, Guidroz was interviewed by Samantha Williamson, a vocational rehabilitation counselor. Williamson identified four jobs that fit within Guidroz's work restrictions:

---

[2] Guidroz explained at trial that she was not required to supervise other employees except "[o]nce in a blue moon when they would hire someone[.]" Guidroz testified that someone else dictated what tasks would be done during the shift. According to Guidroz, her duties included stocking the bakery cases and tagging the products, taking inventory, decorating cakes and cupcakes, and taking telephone orders from customers. The record indicates that Guidroz was employed in the deli for four years before being promoted to bakery manager.

1.	Administrative Assistant at Coushatta Tribe of Louisiana, which required computer skills, the ability to operate a multiline phone system, ability to answer correspondence, make travel arrangements, and organize and maintain a filing system;

2.	PBX Operator at Coushatta Casino Resort, which required computer skills;

3.	Customer Service Representative at Cash 2 U Payday Loan, which required computer skills and the ability to process tax returns, maintain a cash drawer, and comply with State and Federal law as well as company policies and procedures; and

4.	Customer Service Representative at Security Finance, which required computer skills and the ability to process tax returns, maintain a cash drawer, and comply with State and Federal law as well as company policies and procedures.

Williamson listed the following transferrable occupations which were considered feasible for Guidroz: (1) deli/bakery supervisor, (2) baker, (3) prep cook, (4) food service worker, and (5) dietary worker.

On March 20, 2020, Guidroz filed a disputed claim for compensation. Guidroz claims that she was paid $435.15 per week from the date of the accident until February 18, 2020, when the amount was reduced to $68.49 per week. Although the February 18, 2020 notification of modification stated that the effective date of the reduction was stated to be December 19, 2020, Walmart immediately reduced the amount.

Following a trial on the merits, which took place on August 11, 2021, the WCJ signed a judgment with written reasons, which made the following findings.

1. On January 8, 2020, Guidroz was notified of two job positions, which were available but had not been approved by her treating physician at that time.[3] The WCJ further found that "whether a job

---

[3] The WCJ noted that physician approval is not required for an employer to meet its burden of proving that claimant was offered a suitable job. *See Clark v. Sedgwick SMS*, 15-277 (La.App. 3 Cir. 11/25/15), 179 So.3d 943. In contrast to *Clark*, 179 So.3d 943, see this court's opinion in *Richard v. Calcasieu Par. Sch. Bd.*, 11-469, p. 4 (La.App. 3 Cir. 10/5/11), 79 So.3d 359, 362, wherein this court noted that there was a requirement that "the vocational rehabilitation consultant obtain the approval for the identified job from the employee's treating physician."

is suitable is contingent on the employee being physically capable of performing, and must also fall within the limits of the employee's education and marketable skills, the latter of which may be gained through on-the-job training."

2. Due to Guidroz's limited education,[4] although the jobs identified by Walmart fell within Guidroz's physical capabilities, she did not have the requisite aptitude or any transferable skills to independently perform or be successfully trained for any of the jobs suggested by Walmart.

3. Modification of benefits was not warranted because Walmart did not establish a work capacity for Guidroz through vocational rehabilitation.

The judgment ordered that indemnity benefits be reinstated retroactive to the February 18, 2020 modification and continued until such time that Guidroz is no longer disabled. The judgment also awarded $2,000 in penalties and $10,000 in attorneys' fees.

## III.

## STANDARD OF REVIEW

"Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review." *Banks*, 696 So.2d at 556. "[T]he issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880, 882 (La.1993). "Where there are two permissible views of the evidence, the factfinder's choice

---

Guidroz argues that this court should reconsider its holding in *Clark* and return to the reasoning provided in *Richard*. However, because we find that Walmart did not establish a work capacity for Guidroz through vocational rehabilitation, it is unnecessary to revisit our holding in *Clark*.

[4] The record is unclear as to when Guidroz's formal education ended. The judgment says eighth or ninth grade. Guidroz's brief says ninth grade. At trial, Guidroz testified that she failed two grades before she reached the ninth grade and that she was not sure whether she completed the ninth grade. Williamson's report says that Guidroz completed the tenth grade. Guidroz does not have a GED. Guidroz reported to Williamson that she did not have a computer at home and had no computer skills.

4

between them cannot be manifestly erroneous or clearly wrong." *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). "[I]f the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1112 (La.1990).

"[W]hen legal error interdicts the fact-finding process in a worker's compensation case, the manifest error or clearly wrong standard of review no longer applies and *de novo* review of the matter is required." *Gaines v. Home Care Solutions, LLC*, 15-895, p. 9 (La.App. 4 Cir. 4/6/16), 192 So.3d 794, 801 (citing *Marti v. City of New Orleans*, 12-1514 (La.App. 4 Cir. 4/10/13), 115 So.3d 541), *writ denied*, 16-847 (La. 6/17/16), 192 So.3d 765.)

Walmart suggests that it is entitled to a *de novo* review because the WCJ improperly interpreted and/or applied *Banks*, 696 So.2d 551. Because we find that the WCJ properly interpreted and applied *Banks*, we apply the manifest error standard of review.

## IV.

## LAW AND DISCUSSION

Every type of job identified by Williamson that was within Guidroz's previous experience was outside her physical requirements. Guidroz asserts that Williamson did not perform any testing to identify what Guidroz's functional limitations were and that Williamson made several flawed assumptions. Williamson testified that based on Guidroz's management experience, Williamson decided not to perform any testing. Williamson did admit that if she had known

5

that Guidroz failed some grades before dropping out in the ninth grade, she would have considered doing some functional testing.

Guidroz contends that all of the jobs identified by Williamson required computer skills and other skills that Guidroz did not have. Williamson also noted that she did not contact any of Guidroz's former employers or even anyone at Walmart. Based on Williamson's allegedly flawed assumptions, Guidroz argues that the WCJ was justified in rejecting Williamson's testimony that Guidroz was functionally capable of performing the positions that Williamson identified. We agree.

In *Banks*, 696 So.2d at 556-557 (emphasis added) (citations omitted) (footnote omitted), the Louisiana Supreme Court stated that:

> Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. "Th[is] analysis is necessarily a facts and circumstances one in which the court is mindful of the jurisprudential tenet that workers' compensation is to be liberally construed in favor of coverage."
>
> Once the employee's burden is met, the burden shifts to the employer who, in order to defeat the employee's claim for SEBs or establish the employee's earning capacity, must prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer's community or reasonable geographic region.
>
> . . . .
>
> [W]e conclude that an employer may discharge its burden of proving job availability by establishing, at a minimum, the following, by competent evidence:
>
> > (1) the existence of a suitable job within claimant's physical capabilities and within claimant's or the employer's community or reasonable geographic region;

6

(2) the amount of wages that an employee with claimant's experience and training can be expected to earn in that job; and

(3) an actual position available for that particular job at the time that the claimant received notification of the job's existence.

**By "suitable job," we mean a job that claimant is not only physically capable of performing, but one that also falls within the limits of claimant's age, experience, and education, unless, of course, the employer or potential employer is willing to provide any additional necessary training or education**.

Walmart argues that the WCJ improperly relied upon Guidroz's testimony at trial that she did not have the requisite aptitude or any transferable skills to independently perform or be successfully trained for any of the jobs found. According to Walmart, Williamson confirmed that on-the-job training would be provided to Guidroz by each of the four employers that Williamson identified. Walmart argues that this was enough to meet the burden of proving the existence of a suitable job because "[c]onsideration of an employee's 'age, experience, and education' is not to ensure that an employee is 'particularly suited' for a given post-injury job, but, rather, ***to ensure that the employee is capable of performing the job***." Walmart further notes that Guidroz "has provided absolutely no evidence other than her own opinion that she cannot perform the jobs found by Ms. Williamson." Guidroz argues that Walmart is impermissibly trying to shift the burden back to her to establish what she is unable to do. She contends that Walmart did not contradict her testimony about her work experience and educational background.

Guidroz points out that Williamson told Guidroz that Guidroz did not have to apply for any positions until Dr. Leddy approved them. The positions at Coushatta were submitted to Dr. Leddy for his approval, but he did not approve

them until January 20, 2020. The positions had been filled by the time the approval was made.

We agree with the WCJ that Guidroz did not have the requisite aptitude or any transferable skills to be successfully trained for any of the jobs suggested by Walmart. The vocational rehabilitation counselor failed to perform any testing to determine what Guidroz's work capacity was. Thus, we find, as did the WCJ, that Walmart failed to prove job availability as required by *Banks*, 696 So.2d 551, The WCJ did not err in ordering that Guidroz's indemnity benefits be reinstated.

Furthermore, based upon the record in this case, we cannot say that the trial court was manifestly erroneous in awarding penalties and attorneys' fees to Guidroz. "The workers' compensation judge has great discretion in the award of penalties and attorney fees, and his decision will not be disturbed unless it is clearly wrong." *Gray v. Premier Staffing*, 99-197, p. 7 (La.App. 3 Cir. 6/2/99), 736 So.2d 340, 344. In order to avoid the imposition of penalties and attorneys' fees, the claim must be reasonably controverted by the employer and its insurer. La.R.S. 23:1201. The jurisprudence establishes that:

> in order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.

*Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890. "The crucial inquiry in determining whether to impose penalties and attorney fees on an employer is whether the employer had an articulable and objective reason to

deny benefits at the time it took action." *Authement v. Shappert Eng'g*, 02-1631, p. 11 (La. 2/25/03), 840 So.2d 1181, 1188.

Walmart based its decision to reduce Guidroz's benefits on the opinion of a vocational rehabilitation counselor who did not perform any functional testing. Further, Walmart reduced Guidroz's benefits based on her treating physician's approval of two jobs which were no longer available by the time they were approved and based on the availability of two jobs which had not been approved by Dr. Leddy at the time benefits were reduced. We agree with the trial court that it was unreasonable for Walmart to reduce Guidroz's benefits under the facts and circumstances of this case.

We now consider Guidroz's request for additional penalties pursuant to Louisiana Revised Statutes 23:1201(I), which provides that:

> Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims. The provisions as set forth in R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section. The provisions as set forth in R.S. 22:1892(C) shall be applicable to claims arising under this Chapter.

Guidroz argues that Walmart immediately modified her benefits based solely on Williamson's opinion that Guidroz was physically capable of doing a job, that Walmart changed the rules midstream and modified her benefits ten months before the stated effective date of the modification, and that these actions were arbitrary and capricious. Guidroz did ask the WCJ for the imposition of penalties under La.R.S. 23:1201(I), but this claim is not specifically addressed in the judgment.

9

In refusing to award an additional penalty under La.R.S. 23:1201(I), this court has stated:

> After review, we leave the WCJ's award of $4,000 in penalties under La.R.S. 23:1201(F) undisturbed. Significantly, the WCJ rendered in globo awards of $2,000 "for failure to pay indemnity," and $2,000 "for failure to provide medical benefit coverage to Ms. Cook[.]" The WCJ chose not to award individual $2,000 awards for each "claim" for medical expenses under La.R.S. 12:1201(F) and instead shaped the penalty for an overall failure to provide the required medical benefit. Further, the WCJ's judgment is silent as to any claim raised by Ms. Cook below regarding a separate penalty under La.R.S. 23:1201(I), thereby constituting a denial of that claim. *See Lowery v. Jena Nursing & Rehab Ctr.*, 14-1106 (La.App. 3 Cir. 12/23/14), 156 So.3d 216.

> Given the global nature of the WCJ's award under La.R.S. 23:1201(F), we find no manifest error in the denial of a separate, itemized penalty under La.R.S. 23:1201(I).

*Cook v. St. Genevive Health Care Servs., Inc.*, 19-300 (La.App. 3 Cir. 11/6/19), 283 So.3d 574, 591, *writ denied*, 19-1920 (La. 1/28/20), 291 So.3d 1059, and *writ denied*, 19-1932 (La. 1/28/20), ___ So.3d ___. Based on the reasoning in *Cook*, we find that the trial court did not err in failing to award a separate penalty under La.R.S. 23:1201(I) because there was only one action in this case, i.e., the modification of benefits.

With respect to Guidroz's answer to the appeal seeking additional attorneys' fees, we award an additional $2,500.00. In this case, the issues were not unusual, overly complicated, or numerous. *See McCain v. Motel 6*, 19-653, p. 11 (La.App. 3 Cir. 3/4/20), 297 So.3d 136, 143, *writ denied*, 20-764 (La. 10/6/20), 302 So.3d 535, wherein this court stated that "[i]t is well-established that a workers' compensation claimant who is successful in defending an appeal may be entitled to an award of additional attorney fees." In *McCain*, this court awarded $2,500.00 in attorneys' fees for work done on appeal where the claimant's attorney filed an

answer to the appeal and was successful in defending the appeal, which involved only the issues of whether the claimant was entitled to approval of the installation of a walk-in tub and whether the claimant was entitled to penalties and attorneys' fees for the arbitrary and capricious handling of the claim.

## V.

## CONCLUSION

We affirm the Workers' Compensation Judge's ruling in its entirety. Michelle Guidroz's indemnity benefits are to be reinstated retroactive to February 18, 2020. This court awards an additional $2,500.00 in attorneys' fees for work done appeal. Costs of this appeal are assessed to Walmart, Inc.

**AFFIRMED.**