741 So.2d 764 (1999)
Oudrey JOHNSON, Plaintiff-Appellant,
v.
TRANSAMERICAN WASTE COMPANY and American Home Assurance Company, Defendants-Appellees.
No. 99-190.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1999.
*766 Russell Louis Sylvester, Natchitoches, for Oudrey Johnson.
Samuel Newman Poole, Jr., Alexandria, for Transamerican, Inc.
BEFORE: THIBODEAUX, COOKS, and PICKETT, Judges.
THIBODEAUX, Judge.
Oudrey Johnson brought suit against his employer, Transamerican Waste Company (hereinafter "Transamerican"), for temporary total disability benefits, medical expenses, penalties, and attorney fees. Johnson alleged that he sustained an injury while working in the course of his employment on December 9, 1997 and exacerbated the injury on December 12, 1997. Following a trial on the merits, the workers' compensation judge denied Johnson's claim, finding that Johnson failed to prove that he sustained a work-related accident. For the reasons which follow, the judgment of the workers' compensation judge denying Johnson temporary total disability benefits, medical expenses, penalties, and attorney fees is reversed. We award $8,000.00 for attorney fees and remand to the Office of Workers' Compensation to determine the amount of the penalties for Transamerican's failure to pay disability and medical benefits to Johnson.

I.

ISSUES
We shall consider:
1. whether the workers' compensation judge was manifestly erroneous in finding that Johnson failed to prove the occurrence of a work-related accident, and
2. whether Johnson is entitled to an award of penalties and attorney fees.

II.

FACTS
Oudrey Johnson was employed as a garbage truck driver by Transamerican. Johnson alleges that he injured his back while attempting to lift a heavy bag on Tuesday, December 9, 1997. Johnson testified that he alerted his co-worker, Jesse Burton, of the injury and requested assistance in lifting the bag to the garbage truck. He completed his shift, but was careful not to engage in any other lifting. Because he believed he had suffered only a minor muscle strain, Johnson continued to work throughout the week.
Johnson alleges that he aggravated his back injury on Friday, December 12, 1997. Johnson claims that after assisting a co-worker, David Prejean, compact the trash in the back of the garbage truck, he experienced a severe increase of back pain. He alleges that his condition improved after resting for a few minutes, and he was able to complete his shift. He believed his condition would improve with rest over the weekend.
Johnson's condition did not improve over the weekend. On Monday, December 15, 1997, Johnson called his supervisor, Chris Nicholas, and informed him that he was having pain in his back and legs. Johnson said he was going to the doctor and would advise Nicholas of his condition. Nicholas testified that he did receive a phone call from Johnson, but claims that Johnson failed to inform him that the injury was sustained in a work-related accident. Nicholas stated that he was informed later that week of Johnson's allegation that he was injured in the course of his employment.
Johnson's family physician, Dr. Bryan Picou, testified in deposition as to Johnson's past medical history. He stated that in September of 1997, Johnson suffered a muscle strain in his lower back which resolved *767 itself in one week. He explained that the muscle strain was not an injury that would last for a significant period of time. He stated that Johnson had not returned to him with complaints of back pain until December of 1997.
Upon examining Johnson in December of 1997, Dr. Picou found that Johnson had a severe muscle spasm and a positive straight leg raising test. He explained that his clinical findings were much different from his findings in September of 1997. Dr. Picou instructed Johnson not to work for a week and to return for a follow-up visit. Johnson returned to Dr. Picou, complaining of continued pain in his back and legs. Dr. Picou testified that he believed Johnson had a disk injury and that he instructed Johnson to get an MRI. He stated that Johnson was not capable of working. He explained that he has not examined Johnson since January of 1998, but stated that if Johnson's condition has not improved, then he is still incapable of working. Johnson testified that due to the pain in his back and legs, he has not worked since December 12, 1997.

III.

LAW AND ARGUMENT

Standard of Review
An appellate court may not set aside the factual findings of a workers' compensation judge in the absence of manifest error or unless it is clearly wrong. Wackenhut Corrections Corp. v. Bradley, 96-796 (La.App. 3 Cir. 12/26/96), 685 So.2d 661. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Deference is due to the factfinder's determinations regarding the credibility of witnesses "for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." Wackenhut Corrections Corp., 685 So.2d at 663 (quoting Rosell v. ESCO, 549 So.2d 840, 844 (La.1989)). However, "the appellate court is not required by [the manifest error/clearly wrong] principle to affirm the trier of fact's refusal to accept as credible uncontradicted testimony ... where the record indicates no sound reason for its rejection and where the factual finding itself has been reached by overlooking applicable legal principles." Bruno v. Harbert Int'l Inc., 593 So.2d 357, 362 (La.1992) (quoting West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1150 (La. 1979)).

Temporary Total Disability Benefits
The plaintiff in a workers' compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. Bruno, 593 So.2d 357. An "accident" is defined as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1).
A plaintiff's testimony alone may be sufficient to discharge his burden of proving the occurrence of an accident where two elements are satisfied: "(1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident." Bruno, 593 So.2d at 361. The testimony of fellow workers or the medical evidence may corroborate the worker's testimony. Id. "In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent `circumstances casting suspicion on the reliability of this testimony.'" Id. (quoting West, 371 So.2d at 1147).
*768 In this case, Transamerican contends that Johnson's testimony alone is not sufficient to discharge his burden because internal inconsistencies in his testimony cast serious doubt on his version of the events. It emphasizes that although Johnson had the opportunity to report his injury during the week of December 9, 1997, he failed to do so until the following week. Moreover, despite his alleged injury on December 9, 1997, Johnson continued to work and was able to complete his shift. In addition, Johnson's coworkers, Burton and Prejean, were unable to corroborate Johnson's allegation that an accident occurred. Johnson's supervisor, Nicholas, testified that although Johnson informed him of his back and leg pain on December 15, 1997, he did not allege that the injury was work-related.
The workers' compensation judge found that Johnson was "a substantially credible witness." In determining that Johnson failed to establish the occurrence of an accident by a preponderance of the evidence, the workers' compensation judge explained:
I believe that Mr. Johnson may very well be suffering from a condition caused by his job experience.... But at any rate I do feel that Mr. Johnson may very well be suffering because of the various lifting that he has done with this company.
That is born [sic] out, I believe, by Dr. Pique's [sic] deposition, where he talks about in September of '97 Mr. Johnson's describing the fact that he had gradually been unable to lift certain things. For these reasons, I believe that the Plaintiff has not sustained his burden of proof that there was an accident on December 9th, 1997, or any time period that has been identified to the Court.
Upon our review of the record, we find that the workers' compensation judge was manifestly erroneous in concluding that Johnson failed to establish the occurrence of a work-related accident. Johnson's testimony that an accident occurred on December 9, 1997 was uncontradicted; his testimony alone is sufficient to discharge his burden as no other evidence casts serious doubt upon his version of the incident and his testimony is corroborated by the testimony of Dr. Picou.
Johnson testified that he experienced back pain on December 9, 1997, when he attempted to lift a heavy bag into his garbage truck. His coworker, Jesse Burton, was working in another area near the garbage truck at the time the alleged accident occurred. Burton did not witness the accident, and he testified that he did not remember Johnson informing him of the injury. Notably, Burton did not allege that the accident did not occur; rather, he stated that he had no recollection of Johnson informing him of the accident. Thus, Burton's testimony neither corroborates nor contradicts Johnson's version of the incident.
We reject Transamerican's contention that Johnson's failure to report the accident immediately casts serious doubt upon his testimony. "[M]erely because a worker completes a day's work without reporting an accident does not preclude the worker from recovering compensation." Bruno, 593 So.2d at 362. Moreover, a plaintiff's delay in filing an accident report "is more corroborative of [his] initial unawareness of the seriousness of the injury ... than it is any cause to doubt [his] credibility about its occurrence." Bruno, 593 So.2d at 363 (quoting West, 371 So.2d at 1150). Johnson testified that he failed to report the accident immediately because he believed he had only sustained a pulled muscle. He stated that in September of 1997, he sustained a strained muscle in his back which resolved itself within one week. Johnson's supervisor testified that Johnson was a "good and hard worker" and agreed that Johnson was conscientious in the performance of his job duties. We find that Johnson's failure to report the accident immediately is consistent with his initial belief that he had only suffered a minor muscle strain *769 and does not cast serious doubt upon his testimony.
In addition, we find that the deposition testimony of Dr. Picou corroborates Johnson's testimony. When questioned as to Johnson's initial visit on December 15, 1997, Dr. Picou testified:
Mr. Johnson was in the office, because he had some pain in his right back. He stated that the pain had started while he was in the truck he was working in. He stated on that day that he had not lifted anything, but he had lifted something before that, a few days before. He had some sudden pain, all of a sudden in his back.
The history that Johnson provided to Dr. Picou several days after the December 9, 1997 incident is consistent with Johnson's testimony at trial. Johnson testified that he was able to continue to work after allegedly injuring his back on December 9, 1997. He stated that he refrained from engaging in other lifting and experienced an aggravation of the injury on December 12, 1997, when he climbed into the back of the garbage truck to assist a coworker in compacting the trash.
We conclude that the workers' compensation judge erred in finding that Johnson's testimony was insufficient to discharge his burden of proving the occurrence of an accident. Johnson's uncontradicted testimony is sufficient to discharge his burden as there is no evidence in the record which casts suspicion on the reliability of his testimony.
An employee's entitlement to temporary total disability benefits is set forth in La.R.S. 23:1221(1)(c):
For purposes of Subparagraph (1)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (1)(b) of this Paragraph, compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain....
Moreover, an employer has an obligation to furnish necessary medical expenses. La.R.S. 23:1203.
In this case, as the workers' compensation judge found that Johnson failed to prove the occurrence of a work-related accident, she did not reach the issue of whether Johnson proved he was physically unable to engage in any employment or self-employment. "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." La.Code Civ.P. art. 2164. We find that the record reflects that Johnson proved his entitlement to temporary total disability benefits and medical expenses.
Johnson testified that on Monday, December 15, 1997, his back and leg pain prevented him from going to work. Dr. Picou ordered Johnson not to work for a week; however, at the time of trial, Dr. Picou still had not released Johnson to return to work. Dr. Picou's belief that Johnson was suffering from a disk injury could not be confirmed because Transamerican refused to authorize the MRI recommended by Dr. Picou. However, Johnson testified that due to his pain, he has been unable to work since December 15, 1997. Dr. Picou testified that he has not examined Johnson since January of 1998, but stated that if Johnson's condition has not improved, then he is still incapable of working. We conclude that Johnson is entitled to temporary total disability benefits from December 15, 1997, to the present.

Penalties and Attorney Fees
Johnson seeks an award of penalties and attorney fees for Transamerican's failure to pay workers' compensation benefits. *770 Transamerican argues that an award of penalties and attorney fees is improper as it reasonably controverted Johnson's claim. It emphasizes that Johnson failed to report the accident before leaving work on December 12, 1997. Johnson's supervisor, Nicholas, testified that Johnson failed to inform him that he sustained his injury in a work-related accident. He stated that when he was apprised of Johnson's allegation, he spoke to those who worked with Johnson and no one was able to corroborate his claim.
In order to avoid the imposition of penalties, an employer must reasonably controvert the workers' compensation claimant's right to benefits. La.R.S. 23:1201(F). The test to determine if the employer has fulfilled its duty is whether the employer or his insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. Brown v. Texas-La. Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885; Thibodeaux v. L.S. Womack, Inc., 94-1375 (La.App. 3 Cir. 4/5/95), 653 So.2d 123.
In this case, Johnson testified that on December 15, 1997, he informed Nicholas that he was injured in a work-related accident. He testified that on December 23, 1997, his counsel sent a demand letter, along with invoices and a report from Dr. Picou, to Transamerican. Anne Schexnayder, Transamerican's insurance adjustor, testified in deposition that Transamerican received the demand letter and forwarded a copy of the letter to her. She testified that she received other demand letters from Johnson. Schexnayder explained that workers' compensation benefits were denied to Johnson because Transamerican questioned whether Johnson's injury was sustained in a work-related accident.
We find that Transamerican did not reasonably controvert Johnson's claim. Although Nicholas contends that Johnson failed to inform him on December 15, 1997 that his injury was sustained in a work-related accident, Nicholas testified that he was informed of Johnson's claim later that week.[1] Nicholas testified that he investigated Johnson's claim and described his investigation as follows:
Q. Well, after you found out about that... did you conduct an investigation?
A. I asked around, and nobody knew nothing. I mean, there wasn't nothing I could do. It was told to me the whole week after that.
Q. Who did you ask?
A. The guys that kind of worked along with them, they said they ain't knew nothing.
Burton, the coworker who was with Johnson when the December 9, 1997 incident occurred, was not questioned by Nicholas. In addition, both Nicholas and Schexnayder admitted that they did not question Johnson about the alleged accident, nor did Schexnayder request Johnson's medical records. Schexnayder also admitted that she did not question Johnson's co-workers as she relied upon Nicholas' investigation.
It is clear from the record that Transamerican did not have sufficient factual or medical information to reasonably controvert Johnson's claim for temporary total disability benefits. Nicholas was unable to find an employee who contradicted Johnson's version of the events. In addition, as Transamerican did not request Johnson's medical records, it did not have any medical information to controvert Johnson's claim. Moreover, although Johnson submitted invoices reflecting his medical expenses to Transamerican on December 23, 1997, Transamerican failed to pay these expenses within sixty days as required by La.R.S. 23:1201(E). Accordingly, the penalty provision of La.R.S. *771 23:1201(F) is applicable. This provision provides in relevant part:
Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.
La.R.S. 23:1201(F). Johnson is entitled to a penalty award for Transamerican's failure to pay temporary total disability; he is entitled to a separate penalty award for Transamerican's failure to pay his medical expenses. McLaughlin v. Hill City Oil Co./Jubilee Exxon, 97-577 (La.App. 3 Cir. 10/8/97), 702 So.2d 786, writ denied, 97-2797 (La.2/13/98), 706 So.2d 994. Because the record does not reflect the amount of unpaid medical or TTD benefits, the matter is remanded to the workers' compensation judge to determine the amount of the penalty awards under La. R.S. 23:1201(F).
Pursuant to La.R.S. 23:1201(F), we also award attorney fees to Johnson. The "[f]actors used to calculate attorney's fees in workers' compensation cases are degree of skill and ability exercised, amount of claim, amount recovered, and amount of time devoted to case." Broussard, 692 So.2d at 1330. In this case, Johnson's counsel filed a disputed claim with the Office of Workers' Compensation, filed a supplemental and amending petition, prepared numerous demand letters, participated in two depositions and a trial on the merits, and prepared a successful appeal. Under these circumstances, we find that an award of $8,000.00 is reasonable.

IV.

CONCLUSION
Based on the foregoing reasons, we reverse the judgment of the workers' compensation judge and award Johnson temporary total disability benefits, medical expenses, penalties, and attorney fees. The matter is remanded for a determination of the amount of penalties to be awarded to Johnson. Costs of the appeal are assessed to Transamerican.
REVERSED AND RENDERED; REMANDED FOR A DETERMINATION OF PENALTIES.
NOTES
[1] We note that in her oral reasons for judgment, the workers' compensation judge stated that she did not find the testimony of Nicholas "to be very credible" and indicated that she believed Johnson's assertion that he did report the accident on December 15, 1997.