I THIBODEAUX, Judge.
In this workers’ compensation case, plaintiff Frederick Hills, Jr. appeals the judgment of the Office of Workers’ Compensation (“OWC”), which rendered a judgment in favor of the defendants Cypress Bayou Casino (“CBC”) and Royal and Sun. Alliance Insurance Company (“Royal”). In its written reasons for judgment, the workers’ compensation judge (“WCJ”) found that CBC reasonably con *429 troverted Hills’ workers’ compensation claim, denying Hills’ request for penalties and attorney fees. Additionally, the OWC found that Hills had violated La.R.S. 23:1208 by making fraudulent misrepresentations concerning benefit payments, forfeiting his rights to benefits. Hills was also assessed penalties in the amount of $5,000.00 and was required to reimburse CBC for indemnity benefits in the amount of $1,760.00, medical benefits and associated expenses in the amount of $2,261.00, and legal expenses in the amount of $1,752.42 pursuant to the forfeiture statute. Plaintiff now appeals the judgment of the OWC rendered March 20, 2002.
We reverse. Medical records, reports, and findings substantiate Hills’ claim that his injury was sustained while in the course and scope of his employment, and that failure of the employer and insurer to grant reimbursement of Hills’ mileage expenses requires this court to assess penalties and attorney fees pursuant to La.R.S. 23:1201 and 23:1203.
The WCJ was manifestly erroneous in concluding that Mr. Hills violated the provisions of La.R.S. 23:1208.
I.

ISSUES

We shall consider:
|g(l) whether the plaintiff misrepresented the extent of his injuries so as to make La.R.S. 23:1208 applicable, forfeiting his workers’ compensation benefits, resulting in the imposition of penalties and restitution of benefits already received?
(2) whether dismissal of Hills’ claims for travel expenses, penalties, and attorney fees was appropriate?
II.

FACTS

Frederick Hills, Jr., a security officer at Cypress Bayou Casino in Charenton, Louisiana, suffered a knee injury as he removed a money box from below a craps table on March 26, 2001. After kneeling down to pick up the money box, Hills felt a slight pop in his knee. Hills, who did not immediately file an accident report with the casino, scheduled an appointment with an orthopaedic surgeon, Dr. Andre Cenac, the next day on March 27, 2001. Hills’ appointment was scheduled the following week on April 3, 2001, the doctor’s first available appointment. Dr. Cenac gave Hills an injection during his visit, told him to place ice on the injured area, and to take Advil. Hills returned to work on April 4, 2001. On that same day, Hills injured himself further when he pushed a 300 pound, wheel-chair bound patron of the casino up a ramp to the location of the nickel machines. According to Hills, he re-aggravated his knee and strained his back as he pushed the casino patron. Hills left early that evening after informing his supervisor of his injury.
The following day Hills was treated by a chiropractor, Dr. Adel Maledeh, at Iberia Chiropractic Clinic. He continued to see Dr. Maledeh regularly for one month after his back was injured. Chiropractic treatment ended when CBC refused to authorize any further treatments.
I,-¡Medical treatment for his knee continued from April to December 2001. During that time, Hills underwent arthoscopie surgery for his right knee on June 1, 2001. Prior to surgery, Hills was also examined by Dr. Gregory Gidman, at the request of the casino. Dr. Gidman confirmed that Hills had indeed suffered a knee injury that would require surgery. As Hills recovered, he continued to attend doctor’s appointments with Dr. Cenac. On July 3, *430 2001, Dr. Cenac referred Hills for a functional capacity evaluation (FCE). From the FCE, Dr. Cenac determined that Hills could perform light duty work. Hills did not begin working again until August 2001, where he worked as a dispatcher until he could return to regular duties. Hills later made a request to return to his regular position. Dr. Cenac granted Hills a one month trial period to determine whether he could do the work; however, he could not stand for long periods of time without it hurting his knee. During the period of his treatment up to the time of trial, CBC paid for all of Hills’ medical expenses and provided workers’ compensation benefits for lost wages.
CBC became suspicious of Hills’ actual injuries when an employee, Anthony Con-nor, of CBC informed management that he had seen Hills dancing at a local bar on June 27, 2001. Additionally, the casino videotaped Hills walking to and from the casino when he came to fill out his accident report for the second injury. CBC argued that the tape showed no signs of injury to the plaintiff. Based on Connor’s testimony and the videotape, CBC refused to reimburse Hills for mileage expenses as he traveled to and from the doctor’s office. According to CBC, Hills forfeited his rights to benefits by misrepresenting the extent of his injuries.
On or about August 20, 2001, Hills filed a disputed claim for compensation against CBC and its insurer. Hills alleged that CBC failed to pay indemnity benefits, to furnish copies of the reports of the CBC’s practitioners after ^written request, and to authorize medical treatment under workers’ compensation law. He also asserted that CBC should be assessed penalties and attorney fees for failure to reimburse him for medical mileage and for terminating his benefits. CBC denied the allegations and asserted the defense of misrepresentations concerning benefit payments under La.R.S, 23:1208.
On March 4, 2002, Hills dismissed Ms claims for failure to authorize medical treatment and failure to furnish copies of reports. Defendants filed a motion for involuntary dismissal with prejudice of plaintiffs claim for indemnity benefits, which was granted in favor of CBC. The remaining issues were argued before the OWC on March 22, 2002.
In its final judgment, the OWC rendered its decision in favor of CBC and Royal. The OWC found that CBC effectively controverted Hills’ workers’ compensation claim; that Hills was not entitled to penalties and attorney fees; and that he forfeited his rights to benefits pursuant to La. R.S. 23:1208. Additionally, Hills was assessed penalties in the amount of $5,000.00 for violation of the Workers’ Compensation Act, and was required to pay restitution for indemnity benefits, medical benefits and associated expenses, as well as legal expenses totaling $5,773.42.
III.

LAW AND DISCUSSION

Fraudulent Misrepresentations
Hills asserts that the WCJ lacked sufficient evidence to support a finding, and later render a judgment, that Hills had violated La.R.S. 23:1208 by misrepresenting his injuries to the extent that the plaintiff had committed fraud. We agree.
|KOn March 20, 2002, the WCJ rendered a judgment that Hills had violated La.R.S. 23:1208 by making misrepresentations concerning benefit payments, and effectively forfeited his rights to benefits. In his written reasons for judgment, the WCJ failed to specifically state the basis of his decision in finding that Hills had violated the statute. We can only presume that *431 the WCJ relied on a co-worker’s testimony of Hills’ impropriety and videotape evidence, which questions the extent of Hills’ disability, as he outlined this evidence in his findings of fact. After a careful review of La.R.S. 23:1208 and the supreme court’s analysis in Resweber v. Haroil Construction Company, 94-2708 (La.9/5/95); 660 So.2d 7, neither the testimony of the co-employee observing Hills’ dancing at a local bar nor a videotape depicting Hills’ walking without apparent injury rises to the level of fraudulent conduct as required in the statute and in Resweber.
Under La.R.S. 23:1208, “[i]t shall be unlawful for any person, for the purpose of obtaining or defeating any [worker’s compensation] benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.” The supreme court in Resweber determined that “the only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment.” Re-sweber, 660 So.2d at 12.
Hills’ dancing at a local bar as described by Mr. Connor does not constitute fraud. When Connor witnessed the alleged dancing, Hills had undergone arthoscopic surgery and was attending physical therapy for his knee.
In Resiueber, the supreme court stated that “Section 1208 applies to any false statement or misrepresentation ... made wilfully by a claimant for the purpose \ eof obtaining benefits, and thus is generally applicable once an accident has allegedly occurred and a claim is being made.” Id. at 14. Hills’ claim for workers’ compensation benefits was initiated when he informed his employer of the injury, his employer had been paying benefits for months prior to the alleged dancing incident, and both his doctor and the physician, retained by the casino to examine Hills’ medical status, had both concluded that he had suffered a knee injury while in the course and scope of his employment. While it may plausibly impact on the extent of disability, Connor’s testimony concerning Hills’ dancing does not equate to fraud.
Additionally, the videotape of Hills’ walking to and from the casino to file his accident report also does not rise to the level of fraud. Medical reports indicate that Hills had sustained an on-the job injury, permitting Hills’ workers’ compensation benefits. As stated previously, both Hills’ and the casino’s physician confirmed that Hills had sustained a knee injury that would require surgery to repair it and that such an injury prevented him from continuing his regular work duties at the casino. As a result, the videotape of Hills’ walking to and from the casino a few days after he sustained the second injury does not demonstrate an intent to defraud Hills’ employer. The workers’ compensation judge’s imposition of penalties and reimbursement of benefits against Hills was incorrect as a matter of law.
Mileage Reimbursement, Penalties, and Attorney Fees
Hills asserts that defendant’s failure to reimburse him for mileage to and from doctor’s visits is a violation of La.R.S. 23:1203 and 23:1201. La.R.S. 23:1203(D) states the following:
[T]he employer shall be liable for the actual expenses reasonably and necessarily incurred by the employee for mileage reasonably and necessarily traveled by the employee in order to obtain the medical services, medicines ... which the employer is required to furnish 17under this Section,.... When the employee uses his own vehicle, he shall *432 be reimbursed at the same rate per mile as established by the state of Louisiana for reimbursement of state employees for use of their personal vehicle on state business. The office shall inform the employee of his right to reimbursement for mileage.
According to the record, Hills submitted documentation of medical mileage expenses to CBC as required by La.R.S. 23:1203. Further, defense counsel for CBC stipulated at the beginning of trial that he received the request for mileage; however, his client refused to pay. There is sufficient evidence in the record based on the medical reports confirming that Hills suffered a knee injury. Even the casino’s own physician found that Hills’ injury required medical treatment. Based on the above law, we find that Hills properly requested reimbursement for medical expenses as required by this statute.
Additionally, La.R.S. 23:1201(E) and (F) imposes penalties and attorney fees for failure to pay benefits timely:
E. Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim....
In Johnson v. Transamerican Waste Company, 99-190 (La.App. 3 Cir. 6/2/99); 741 So.2d 764, Johnson sought penalties and attorney fees for its employer’s failure to pay workers’ compensation benefits. Like CBC, Transamerican asserted that it reasonably controverted Johnson’s workers’ compensation benefits, and the plaintiff was not entitled to attorney fees and penalties. The court determined that |s“[i]u order to avoid the imposition of penalties, an employer must reasonably controvert the workers’ compensation claimant’s right to benefits. La.R.S. 23:1201(F). The test to determine if the employer has fulfilled its duty is whether the employer or his insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by claimant.” Id. at 770.
In this present case, CBC relied on the testimony of Connor, who saw Hills dancing at a lounge, and a video, showing Hills filling out his accident report without any noticeable injury, to deny mileage reimbursement benefits based on fraud. Unfortunately for CBC, this evidence does not constitute fraud. If anything, this evidence exhibits the extent of plaintiffs disability only. CBC provides insufficient factual and medical information that Hills’ willfully misrepresented his claim. As stated above, both Hills’ and the CBC’s physicians found that Hills suffered a knee injury that required arthoscopic surgery. Additionally, a functional capacity evaluation indicated that Hills’ injury permitted him to engage in only light duty work. The record indicates that Hills made a good effort to engage in the activities of the FCE, but was still troubled by his injury. As a result, we find that CBC did not reasonably controvert Hills’ claim. Though the plaintiff submitted mileage expense reports, CBC failed to pay Hills within sixty days of receiving his demand. “Accordingly, the penalty provision of La. R.S. 23:1201(F) is applicable.” Id. at 770-71.
*433 Additionally, under La.R.S. 23:1201(F), we have the authority to impose attorney fees as well. “The factors used to calculate attorney’s fees in workers’ compensation cases are degree of skill and ability exercised, amount of claim, amount recovered, and amount of time devoted to [the] case.” Id. In this case, Hills’ attorney filed a disputed claim for compensation with the .Office of Workers’ Compensation, [ flpre-trial and post-trial memorandums were prepared, claims were argued before the OWC, and a successful appeal was prepared. Based on the analysis in Johnson, we find that the plaintiff is entitled to attorney fees. An award of $5,000.00 is reasonable.
Defendants also assert in their brief that La.R.S. 23:1201(E) and (F) are not applicable in this case because this is a discontinuance of payment case pursuant to La.R.S. 23:1201.2. In Williams v. Rush Masonry, 98-2271 (La.6/29/99); 737 So.2d 41, the supreme court was very clear in distinguishing the imposition of penalties under La.R.S. 23:1201 as opposed to 23:1201.2.
Two statutory provisions, LSA-R.S. 23:2101(F) and LSA-R.S. 23:1201.2 provide for the award of penalties and attorney’s fee in workers’ compensation cases. The applicable statutory authority for assessing an insurer with penalties and attorney’s fees depends on whether the insurer failed to commence the payment of benefits in a timely fashion or discontinued benefits that had been timely paid. In Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737So.2d 41[,] the Louisiana Supreme Court stated that LSA-R.S. 23:1201.2 applies only when an insurer or employer discontinues payment of benefits; it does not apply when there has been a failure to commence or pay benefits timely. Williams, 98-2271, 737 So.2d at 45. (Emphasis added).
Insurance Company of North America v. Labit, p. 2, 99-2448 (La.App.1.Cir.11/15/00); 772 So.2d 385, 387.
In this case, CBC failed to reimburse Hills for any of his mileage expenses. As a result, this is not a discontinuance of benefits case. Thus, La.R.S. 23:1201 is applicable for the imposition of penalties to which the defendant failed to pay within sixty days of the plaintiffs request.
JjflIV.

CONCLUSION

For the above reasons, we reverse the judgment of the OWC. We grant the plaintiff, Frederick Hills, Jr., $2,000.00 in penalties and $5,000.00 in attorney fees based on Cypress Bayou Casino’s failure to timely reimburse Hills for mileage expenses. All costs of this appeal are assessed to defendants, Cypress Bayou Casino and Royal and Sun Alliance Insurance Company.
REVERSED AND RENDERED.