STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 08-1410


GREGORY SCOTT

VERSUS

CITY OF PINEVILLE


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 07-01786
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.


Joseph Yuri Beck
Hunter & Morton
P. O. Box 11710
Alexandria, LA 71315
(318) 487-1997
Counsel for Plaintiff/Appellee:
Gregory Scott

**D. Heath Trahan**
**Keiser Law Firm**
**P. O. Box 12358**
**Alexandria, LA 71315-2358**
**(318) 443-6168**
**Counsel for Defendant/Appellant:**
**City of Pineville**

**EZELL, JUDGE.**

The City of Pineville appeals the decision of the workers' compensation judge finding that Gregory Scott sustained a work-related accident causing injury. The workers' compensation judge awarded Mr. Scott payment of past and future medical treatment, without the benefit or discount of the workers' compensation fee schedule, temporary total disability benefits (TTDs) from the date of his accident, $2,000 in penalties for the non-payment of medical benefits, $2,000 for the non-payment of TTDs, and $4,500 in attorney fees. For the following reasons, we affirm the decision of the workers' compensation judge.

On January 3, 2007, while in the course and scope of his employment for Pineville, Mr. Scott slipped while climbing the steps to a dump truck. He had been holding onto a hand rail when his foot slipped. He immediately felt a pull and pain in his side and back. No one saw Mr. Scott fall. Thinking it to be a minor injury, he finished his shift after briefly mentioning it to his co-worker, Quinten Clayton. Mr. Scott did not tell his supervisor or anyone else working for Pineville about the accident, other than Mr. Clayton.

Mr. Scott awoke the next morning to worsened pain and numbness in his right leg. He called his supervisor to tell him he could not work that day due to the injury. Despite self treatment, the pain did not subside and Mr. Scott sought medical treatment from Dr. Stephen Downs on January 9, 2007. He initially tried to use his own insurance, but when he gave a medical history describing a work-related accident, Dr. Downs' office told him that approval would be needed from his employer. When Dr. Downs' office called Pineville for the alleged work-related injury, it was the first the City had heard of the accident.

1

Pineville's human resources coordinator, Diane Ray, denied pre-approval for treatment, as nothing was known concerning any accident, and ordered an investigation into the incident. Statements were taken from both of Mr. Scott's supervisors, as well as Mr. Clayton and Timmy Clinton, another co-worker riding with Mr. Scott part of the day the accident occurred. The statements were all one sentence long and, including Mr. Clayton's, all said essentially the same thing, that the signee had no knowledge of any accident concerning Mr. Scott. Mr. Scott was never contacted by Pineville nor its workers' compensation insurer, and his claim was denied based on the statements alone. Furthermore, either incidentally or coincidentally, because he was absent without calling in the following three work days after the January 4, Mr. Scott was terminated under Pineville's no-show policy the same day that the City learned of the accident and medical claim from Dr. Downs' office.

Dr. Downs treated Mr. Scott conservatively for the pain with medication and physical therapy until his insurance declared the matter a workers' compensation issue and stopped paying. At that time, Mr. Scott was forced into the charity hospital system, where he had an MRI performed that showed a bulging disc at his L5-S1 vertebrae.

Mr. Scott filed the present claim when Pineville denied his demand for workers' compensation benefits. Again, the claim was denied by Pineville based on the employees' statements noted above, without any attempt to contact Mr. Scott or any of his physicians. After taking the testimony of Mr. Scott, his wife and co-workers, and examining the medical records in this case, the workers' compensation judge found that Mr. Scott had proved a work-related accident and resultant disability. The workers' compensation judge awarded Mr. Scott past and future

2

medical treatment, TTDs from the date of his accident, $2,000 in penalties for the non-payment of medical benefits, $2,000 for the non-payment of TTDs, and $4,500 in attorney fees. From this decision, Pineville appeals.

Pineville asserts six assignments of error on appeal. It claims that the workers' compensation judge erred in finding that Mr. Scott proved an accident; that Mr. Scott proved an injury; that any injury proved was disabling; that any disability was caused by the accident; that the workers' compensation judge erred in awarding penalties; and that the workers' compensation judge erred in ordering it to pay all prior medical expenses without the benefit of the workers' compensation fee schedule. Because the first four assignments of error are so closely related and fall under the same standard of review, we shall address them together.

This court, in *Monceaux v. R & R Construction, Inc.*, 05-533 (La.App. 3 Cir. 12/30/05), 919 So.2d 795, *writs denied*, 06-585 (La.5/5/06), 927 So.2d 325, 06-636 (La.5/5/06), 927 So.2d 317, addressed both the standard of review and a claimant's burden of proof in workers' compensation cases involving unwitnessed accidents. In that case, we said:

> In *Dean v. Southmark Construction*, 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117, the supreme court discussed the standard of review in workers' compensation cases:
>
>> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its

3

own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Robinson*, 865 So.2d at 105. The determination of whether injury occurred in the course and scope of employment is a mixed question of law and fact. *Winkler v. Wadleigh Offshore, Inc.*, 01-1833 (La.App. 4 Cir. 4/24/02), 817 So.2d 313, 316 (citing *Wright v. Skate Country, Inc.*, 98-0217 (La.App. 4 Cir. 5/12/99), 734 So.2d 874).

Recently, this court addressed a claimant's burden in proving the he/she suffered a work-related accident:

> In order to recover workers' compensation benefits, an injured employee must prove by a preponderance of the evidence that he suffered a "personal injury by accident arising out of and in the course of his employment." La.R.S. 23:1031(A). An "accident" is defined as an "unexpected or unforseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1).

The Louisiana Supreme Court, in *Bruno v. Harbert International Inc.*, 593 So.2d 357, 361 (La.1992), expounded on what proof will satisfy an employee's burden in proving a work-related injury:

> A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979); Malone and Johnson, *13 Louisiana Civil Law Treatise, Workers' Compensation*,§ 253 (2d Ed.1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, *supra; Nelson v. [Roadway Express, Inc.*, 588 So.2d 350 (La.1991)]. Corroboration may also be provided by medical evidence. *West, supra*.

In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony."

> *West*, 371 So.2d at 1147; *Holiday v. Borden Chemical*, 508 So.2d 1381, 1383 (La.1987). The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. *Gonzales v. Babco Farm, Inc.*, 535 o.2d 822, 824 (La.App. 2d Cir.), *writ denied*, 536 So.2d 1200 (La.1988) (collecting cases).

*Id*. at 798-800 (alteration in original).

In this case, Mr. Scott's account of the accident and its results are uncontradicted. The fact that he told Mr. Clayton his back was hurt bolsters his claim and was supported by Mr. Clayton's direct testimony. Furthermore, Timmy Clinton testified that Mr. Clayton relayed to him the day following the accident that Mr. Scott was absent because he hurt his back. Mr. Scott's medical records show that he was consistent in not only claiming that the accident was work-related, but in how the accident occurred. Pineville presented no evidence to counteract this other than one-sentence statements from three men who were not with Mr. Scott at the time of the accident and that of Mr. Clayton, who explained that he felt the statement that he gave was factually accurate when given only because he did not see the accident occur. There is simply no evidence that discredits Mr. Scott's version of the incident, and his testimony is clearly corroborated by the circumstances following the alleged incident.

Likewise, the record is clear that Mr. Scott sustained a bulged disc in his L5-S1 vertebral region. The record shows that Mr. Scott had never had back pain before the accident. And through the testimonies of Mr. Scott and his wife, as well as the affidavit of his treating physician, the record is clear that Mr. Scott has suffered a disability as a result of the injury. Dr. Downs states that Mr. Scott is totally disabled and that the disability is a result of his "work related injury." All of the factual evidence concerning the accident, injury, causation, and disability are all undisputed

5

by Pineville. It placed none of its own medical evidence whatsoever in the record to dispute the injury or disability and, again, offered simply the four statements which it somehow believed disproved the accident and negated the mounds of evidence against them. It is clear from the record before us that the workers' compensation judge has not committed manifest error in finding that Mr. Scott proved the accident, injury, causation, and disability. These assignments of error are devoid of merit.

Pineville next claims that the workers' compensation judge erred in awarding penalties against the City. The purpose of imposition of penalties and attorney's fees is to discourage indifference and undesirable conduct by employers and insurers. *Williams v. Rush Masonry, Inc.*, 98-2271 (La. 6/29/99), 737 So.2d 41. This court, in *Johnson v. Transamerica Waste Co.*, 99-190, pp. 9-10 (La.App. 3 Cir. 6/2/99), 741 So.2d 764, 770, stated the following:

> In order to avoid the imposition of penalties, an employer must reasonably controvert the workers' compensation claimant's right to benefits. La.R.S. 23:1201(F). The test to determine if the employer has fulfilled its duty is whether the employer or his insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. *Brown v. Texas-La. Cartage, Inc.*, 98-1063 (La.12/1/98), 721 So.2d 885; *Thibodeaux v. L.S. Womack, Inc.*, 94-1375 (La.App. 3 Cir. 4/5/95), 653 So.2d 123.

The determination of whether an employer or insurer should be cast with penalties and attorney's fees in a workers' compensation action is essentially a question of fact subject to the manifest error or clearly wrong standard of review. *Authement v. Shappert Eng'g*, 02-1631 (La. 2/25/03), 840 So.2d 1181.

In this case, it is clear that Pineville did not have sufficient factual or medical information to deny Mr. Scott's claims. In fact, there was no information whatsoever to counter the evidence offered by Mr. Scott. The adjuster for Pineville's workers' compensation insurance carrier testified that the claim was denied solely on the four vacuous statements mentioned above, which simply stated that no one had any

knowledge of the accident. No statement ever gave any indication that the accident did not, in fact, occur. No one from Pineville or its insurer ever tried to contact Mr. Scott or any of his physicians, nor did it ever attempt to have any of its own doctors examine him. Simply put, Pineville executed a woefully inadequate investigation of Mr. Scott's claimed accident, then simply washed its hands of him. There is no error in the workers' compensation judge's award of penalties in this case.

Pineville finally claims that the workers' compensation judge erred in requiring it to pay Mr. Scott's past medical expenses at the rate at which they were charged, without the benefit of the workers' compensation fee schedule. Louisiana Revised Statutes 23:1205(C)(2) requires a responsible worker's compensation payor to reimburse any health insurer "one hundred percent of the benefits it paid" in connection with a workers' compensation claim. Mr. Scott testified that he chose Dr. Downs because he took the Blue Cross insurance that he had and that he continued treating with him until the time that Blue Cross stopped paying for his treatment. Yet again, this evidence is uncontradicted by Pineville. Accordingly, Blue Cross would be entitled to reimbursement for any amounts paid for Mr. Scott's treatment without reference to the workers' compensation fee schedule. There is no merit in this assignment of error.

Finally, counsel for Mr. Scott seeks additional attorney fees for work done on this appeal. However, because he did not answer Pineville's appeal, he cannot receive additional attorney fees.

For the above reasons, the decision of the workers' compensation judge is hereby affirmed. Costs of this appeal are assessed against the City of Pineville, in the amount of $ 1,575.

**AFFIRMED.**

7