STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-371

CHERYL F. BENOIT

VERSUS

ACE TRANSPORTATION

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 07-05989
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Elizabeth A. Pickett, Judges.

AFFIRMED.

**Michael Lee Hebert**
**715 St. Ferdinand Street**
**Baton Rouge, LA 70802**
**Telephone: (225) 612-9444**
**COUNSEL FOR:**
**Plaintiff/Appellee - Cheryl F. Benoit**

**Michael Edward Parker**
**Allen & Gooch**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**Telephone: (337) 291-1000**
**COUNSEL FOR:**
**Defendants/Appellants - Liberty Mutual Insurance Company and**
**Ace Transportation**

**THIBODEAUX, Chief Judge.**

In this workers' compensation case, the defendants appeal the judgment of the Office of Workers' Compensation ("OWC"). The plaintiff, Cheryl Benoit, worked as a driver for defendant, ACE Transportation ("ACE"). In 2006, while driving for ACE, Ms. Benoit was involved in a vehicular accident in Texas. She returned to Louisiana and sought treatment for injuries to her back. ACE and its insurer, Liberty Mutual Insurance Company ("Liberty"), denied her claims for treatment. Specifically, ACE and Liberty alleged that Ms. Benoit gave false statements about her medical history on her employment application. Because Ms. Benoit failed to report a prior workplace injury and had received social security disability benefits, ACE and Liberty claimed they were deprived of recovering from the Second Injury Fund.

The OWC disagreed and found that Ms. Benoit suffered a compensable accident and was entitled to benefits. The OWC also found that Ms. Benoit did not commit fraud. ACE and Liberty appeal. For the foregoing reasons, we affirm the judgment of the OWC.

I.

**ISSUES**

We must decide whether:

(1)     the OWC manifestly erred in refusing to impose sanctions on Ms. Benoit for submitting an alleged false claim;

(2)     the OWC manifestly erred by finding that Ms. Benoit did not forfeit her benefits under La.R.S. 23:1208.1;

(3)     the OWC manifestly erred by finding that Ms. Benoit was entitled to indemnity benefits from the date of her accident and all medical costs associated with Dr. Robles' treatment; and,

(4)   the OWC manifestly erred by imposing penalties
      and fees on ACE and Liberty.


II.

**FACTS AND PROCEDURAL HISTORY**

ACE hired Ms. Benoit as a truck driver in 2003. At that time, she completed an employment questionnaire and denied any prior back injuries. Ms. Benoit failed to disclose that she injured her back thirteen years previously, while working at Wal-Mart. After the Wal-Mart accident, Ms. Benoit was diagnosed with a herniated disc in her back. She received treatment, and in 1992, her injuries appeared to have subsided. From 1995 to 2005, Ms. Benoit collected social security disability benefits for a multitude of problems including diabetes, nervousness, heel spurs, corporal tunnel syndrome, degenerative disc disease, and back problems. Despite these infirmities, Ms. Benoit completed and passed several physical exams and received her commercial driver's license.

On November 10, 2006, while driving for ACE, Ms. Benoit was involved in an accident which caused injuries to her back. She initially sought treatment from Dr. Hector Robles and has continued receiving treatment from Dr. Robles for her injuries from the ACE accident. Ms. Benoit sought workers' compensation benefits from ACE. ACE and Liberty denied her claims, and Ms. Benoit initiated the underlying lawsuit. The OWC awarded Ms. Benoit indemnity and medical benefits and assessed penalties and attorney fees against ACE and Liberty. They appeal. Ms. Benoit answers the appeal and requests additional attorney fees for work done on appeal.

## LAW AND DISCUSSION

### Standard of Review

The supreme court articulated the standard of review in workers' compensation cases as follows:

> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La. 1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La.App. 1 Cir. 2003), 865 So.2d 98, 105[, *writ denied*, 03-2581 (La. 11/26/03), 860 So.2d 1139].

*Dean v. Southmark Const.*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117.

### Section 23:1208 Sanctions

ACE and Liberty assert in their first assignment of error that the OWC erred by not assessing sanctions against Ms. Benoit under La.R.S. 23:1208. Section 1208 provides sanctions against claimants for reporting false workers' compensation claims. Prior to this appeal, neither ACE nor Liberty ever raised the issue of Section 1208 fraud. Under La.R.S. 23:1208, fraud is an affirmative defense that must be specifically pled. *Odom v. Kinder Nursing Home*, 06-1442 (La.App. 3 Cir. 4/25/07), 956 So.2d 128. ACE and Liberty failed to plead fraud as an affirmative defense in their Answer. Thus, they are not permitted to do so on appeal.

Moreover, even if ACE and Liberty had properly pled fraud as an affirmative defense in their Answer, they failed to follow through with the argument on appeal. The preeminent case in Louisiana jurisprudence on this issue is *Resweber v. Haroil Constr. Co.*, 94-2708 (La. 9/5/95), 660 So.2d 7. ACE and Liberty, however, mention neither *Resweber*, nor any other case on the subject, in their brief. In fact, other than in their assignments of error and in a short paragraph on page eight of their brief, ACE and Liberty never mention Section 1208.

## Section 1208.1 Forfeiture

ACE and Liberty allege Ms. Benoit has forfeited her right to benefits, pursuant to La.R.S. 23:1208.1. Louisiana Revised Statutes 23:1208.1 provides for the forfeiture of an employee's benefits when the employee fails to truthfully answer a medical questionnaire regarding previous injuries, disabilities, or other medical conditions if an answer directly relates to the medical condition for which he seeks benefits or the untruthfulness prejudices the employer's ability to seek reimbursement of benefits it paid the employee from a statutorily-created fund, known as the Second Injury Fund. *See* La.R.S. 23:1371. Employers are allowed to ask employees about prior injuries so that they may:

> [e]ncourage the employment of physically handicapped employees who have a permanent, partial disability by protecting employers . . . from excess liability for workers' compensation for disability when a subsequent injury to such an employee merges with his preexisting permanent physical disability to cause a greater disability than would have resulted form the subsequent injury alone.

La.R.S. 23:1371(A).

Questionnaires may be used to obtain information about an employee's permanent partial disability ("PPD"). A PPD is "any permanent condition, whether congenital or due to injury or disease, of such seriousness as to constitute a hindrance

4

or obstacle to obtaining employment, to retention by an employer, or to obtaining reemployment if the employee becomes unemployed." La.R.S. 23:1371.1(5). Thirty-four conditions qualify as permanently disabling. La.R.S. 23:1378(F).

Because forfeiture is a harsh remedy, La.R.S. 23:1208.1 must be strictly construed. *Nabors Drilling USA v. Davis*, 03-136 (La. 10/21/03), 857 So.2d 407. A plaintiff forfeits her claims if there is: "(1) an untruthful statement; (2) prejudice to the employer; and (3) compliance with the notice requirements of the statute." *Id.* at 414. The employer maintains the burden of proving each of these elements to avoid liability under the statute. *Id.*

An employer can establish prejudice in one of two ways. First, the employer can show that the employee's untruthful answer directly relates to the medical condition at issue. *Wise v. J.E. Merit Constructors, Inc.*, 97-684 (La. 1/21/98), 707 So.2d 1214. An employer can also establish prejudice by showing that the employee's answer on the questionnaire affects the employer's ability to recover from the second injury fund. *Id.*

### (A) Direct Relation Test

"[D]irect relation is established when the subsequent injury was inevitable or very likely to occur because of the presence of the preexisting condition." *Wise*, 707 So.2d at 1220. Here, ACE and Liberty argue that because the 1990 accident and the 2006 accident involved the same body parts, Ms. Benoit forfeited her rights under La.R.S. 23:1208.1. Our court and the supreme court have rejected the anatomical identity test. Thus, we must reject ACE and Liberty's argument that a direct relationship existed on that basis.

Next, we must determine whether the subsequent injury was inevitable or very likely to occur because of the presence of the preexisting condition. Ms.

5

Benoit's preexisting condition was an injury to her cervical spine. She was treated for that injury, and two years following the initial accident, Dr. Ricardo Leoni noted that Ms. Benoit had "no nerve root compression, no weakness or reflex asymmetry, no atrophy - chronic strain, no surgical lesions." She had no injuries related to any herniation or ruptured discs. Moreover, she had no injuries to her lumbar spine. Dr. Leoni's notes leave the impression that any spinal problems Ms. Benoit suffered as a result of the 1990 accident were resolved by 1992. Notably, after 1992, Ms. Benoit did not seek treatment for her neck or back until the time of the ACE accident in 2006. Indeed, before the 2006 accident, Ms. Benoit worked as a truck driver and held a commercial driver's license. She routinely passed the physical exam required for the license.

Ms. Benoit's subsequent injury occurred in November 2006. Ms. Benoit was driving an ACE truck when the vehicles in front of her slowed, and she applied the brakes. The truck's load shifted and pushed the truck forward, causing a collision. Following the accident, Ms. Benoit's physicians ordered MRI tests of the cervical and lumbar spine. Ms. Benoit was diagnosed with compressive disc disease, bulging discs, osteoarthritis, and disc herniation.

There is nothing in the record to show that the 2006 injuries were inevitable or very likely to occur as a consequence of the 1990 accident. To the contrary, Dr. Leoni's notes as well as Ms. Benoit's physical employment as a truck driver and her ability to pass numerous physical exams lead to the conclusion that Ms. Benoit's previous conditions had resolved by the time of the accident in 2006. ACE and Liberty provided no expert testimony or documentation to rebut this conclusion. Thus, ACE and Liberty failed to prove a direct relation between ACE's questionnaire and the 2006 injury that forms the basis of this claim.

## *(B) The Second Injury Fund*

We must next determine whether Ms. Benoit's answer on the questionnaire was prejudicial because it affected ACE and/or Liberty's ability to be reimbursed from the Second Injury Fund. ACE and Liberty argue that their rights were prejudiced because Ms. Benoit failed to disclose that she had neck and back injuries and that non-disclosure prevented ACE and/or Liberty from reimbursement from the Second Injury Fund.

"Reimbursement occurs when the employee has a PPD, when the employer has knowledge of the PPD, and when the PPD merges with a subsequent injury to result in a greater disability." *Wise*, 707 So.2d at 1221 (citing La.R.S. 23:1378(A); La.R.S. 23:1371(A)). Here, ACE and Liberty cannot convincingly argue that Ms. Benoit suffered from a PPD. Her condition is not enumerated in the list of PPD conditions found in La.R.S. 23:1378(F), and the medical evidence in the record does not even hint that Ms. Benoit had any of these conditions. Moreover, Ms. Benoit passed a physical examination for truck driving seven years before the accident in Houston. Her health clearly did not impede her from obtaining employment or performing her duties at ACE.

Similarly, ACE and Liberty cannot prove merger of her previous injury with the injury at issue. In *Nabors Drilling,* 857 So.2d at 420, the supreme court enunciated a specific definition to the concept of "merger":

> In this connection, we note that under LSA-R.S. 23:1371(C)(2), a 'merger' occurs not when the disability resulting with a subsequent injury in conjunction with a pre-existing permanent partial is 'greater' than that which would have resulted had the pre-existing permanent partial disability not been present, but when the disability is 'materially and substantially greater.' Two adverbs 'materially' and 'substantially' modify the adjective 'greater.' Consequently, although two disabling injuries added together will in most instances produce a 'greater

disability,' it is not enough under the statute simply to 'add up' the employee's injuries.

The record is devoid of any evidence that Ms. Benoit's first injury merged with her second injury, and ACE and Liberty failed to present any evidence of their own. Specifically, ACE and Liberty submitted no evidence or expert testimony on the issue of merger. Instead, they rely solely on Ms. Benoit's previous award of social security benefits. ACE and Liberty neglect evidence, however, that explains the complete reason for Ms. Benoit's social security benefits. Namely, Ms. Benoit requested social security benefits due to a multitude of health problems including diabetes, nervousness, heel spurs, corporal tunnel syndrome, degenerative disc, and a "bad back." We cannot reasonably conclude that Ms. Benoit's social security claim was based solely on injuries to her spine, as ACE and Liberty would like us to believe. ACE and Liberty also neglect evidence demonstrating that Ms. Benoit recovered from her 1990 accident. Indeed, before the 2006 accident, Ms. Benoit had not sought treatment for her neck or back since 1992. She passed physical exams to acquire her commercial driver's license, and she ably performed her job for ACE. Thus, ACE and Liberty's argument that a merger of Ms. Benoit's injuries occurred falls short.

In sum, ACE and Liberty have not met their burden of showing forfeiture under 23:1208.1.

**Indemnity**

ACE and Liberty also argue that they do not owe indemnity benefits to Ms. Benoit because the judgment of the OWC does not indicate a specific starting date for payment of indemnity benefits and does not specify the medical bills to be paid. ACE and Liberty's arguments are totally meritless. Because Ms. Benoit has not worked since the date of the accident, she is entitled to indemnity benefits retroactive

8

to the date of the November 2006 accident. The benefits are calculated based upon her average weekly wage.

Moreover, all of Dr. Robles' treatments related to Ms. Benoit's present condition. Thus, she is entitled to reimbursement of all medical bills attributed to his treatment of her injuries. *See Scott v. City of Pineville*, 08-1410, (La.App. 3 Cir. 4/1/09), 8 So.3d 813, *writ denied*, 09-981 (La. 6/19/05), 10 So.3d 742.

### Fees and Penalties

ACE and Liberty next claim that the OWC erred in awarding penalties and attorney fees. The award of penalties and attorney fees is a question of fact, subject to the manifest error standard of review. *Scott*, 8 So.3d 813. "The purpose of imposition of penalties and attorney fees in workers' compensation cases is to discourage indifference and undesirable conduct by employers and insurers." *Id.* at 818. This court, in *Johnson v. Transamerica Waste Co.*, 99-190, pp. 9-10 (La.App. 3 Cir. 6/2/99), 741 So.2d 764, 770, addressed the issue as follows:

> In order to avoid the imposition of penalties, an employer must reasonably controvert the workers' compensation claimants right to benefits. The test to determine if the employer has fulfilled its duty is whether the employer or his insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. (Citations omitted).

In this case, it is clear that ACE and Liberty made no attempt to gather any additional information about Ms. Benoit. They failed to conduct a thorough investigation, and they failed to offer any medical or scientific evidence of their own. Instead, ACE and Liberty attempted, time and time again, to delay Ms. Benoit's claim. Their actions are inexcusable, and we find no error in the OWC's award of penalties and attorney fees to Ms. Benoit. Moreover, we award an additional $3,500.00 in attorney fees to Ms. Benoit for work on this appeal.

9

IV.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we affirm the judgment of the OWC and award an additional $3,500.00 in attorney fees to Ms. Benoit for work on this appeal. Costs of this appeal are assessed to ACE and Liberty.

**AFFIRMED.**